Very good, your honor. Thank you. And may it please the court, my name is Daniel Blank and I represent Luis Gonzalez, the defendant appellant in this second sentencing appeal. I will endeavor to reserve five minutes if I can. I think I'd like to begin with the Rule 32 claim because it is the claim that connects the two appeals that this court will be hearing today. Rule 32 requires disclosure of all relevant factual information to the defendant for adversarial testing at sentencing. And that includes both oral and written information. And district courts are held to a strict compliance with Rule 32 under this court's precedence. Here, however, there was an ex parte hearing with a co-defendant's counsel in which inflammatory allegations, factual allegations about my client's truthfulness were raised. However, the district court failed to disclose or even give notice of this ex parte hearing prior to either the first sentencing in 2008 or the second sentencing in 2010. That was error. Now, the government says we should ignore this Rule 32 error because supposedly there is no indication of reliance in the record. Well, the government's wrong on both the facts and the law. The facts here, the court failed to give notice, that's true, so that's not an indication of reliance. But there is at least some indication of reliance. The district court has this theme running through its statements of reasons that my client is untruthful. Talks about the confession as being one of the only truthful things he's ever done and that he just can't be trusted. This is repeated throughout the whole statement of reasons. And this is an odd theme because my client didn't put his credibility at issue by testifying. Did anybody else? Yes, there was an alibi witness, but the district court expressly excluded from a statement of reasons any consideration of that matter. And that's in excerpts of record 54 to 55. So we know the district court can't be referring to that because the district court expressly said that it was not. So there's at least some indication, it's not a completely vacant record, that truthfulness on the part of my client is an issue. But on the law, the government's wrong, too. And even if the record were totally vacant, if it were completely unclear, this court would still have to reverse under Rule 32. That's the Berzon case and the Patrick case that's cited in my brief. And the reason is pretty clear. As a practical matter, I can't make a record of whether the district court relied on something or not if I'm not given any notice of it, I'm not given an opportunity to comment on it. Instead, it's the government that has to prove that the error is harmless. And that's in the normal way. So no, I did not know. So that's why they'd have to prove that it's harmless. I can't be held to prove that there was actual reliance. And that's different from a free-floating due process claim. There are a couple cases that the government cites with respect to a prosecutorial misconduct claim or a due process claim even if there was Rule 32 compliance. That distinction is important because a defendant can bring a due process challenge that the district court relied upon on truthful information even if the district court complied with Rule 32. Rule 32 itself, however, doesn't require proof of reliance by the defendant. Finally, the government says that we're not prejudiced, and that's wrong, too. If I had been given timely notice of this and it had been disclosed, I certainly would have objected to the suggestion that my client would have been untruthful or was untruthful. And the district court under Rule 32I.3.B. would have then been required either to resolve the dispute or indicate affirmatively on the record that it wasn't going to rely on those allegations. Obviously, neither of those things could happen. Finally, in terms of prejudice, the source of the information is particularly prejudicial because it was codefendant's counsel who claimed to be quoting my client's counsel as the source of this information. So one could understand if the district court placed special reliance or special credence on that source. Weren't there material differences between his confession to the FBI and the defense he maintained at trial? Absolutely. The defense at trial was that the confession was false. And, in fact, it was undisputed that, at least in part, the confession was demonstrably false. For example, in this confession, the defendant says that after the burning, he walked home and was home within 45 minutes, which is when the phone call records conclusively show that he was home. Well, that's 15 miles away. There's no way that that happened. He also said that he didn't see any of the dry grass out in the area. Well, there's nothing but dry grass out there. But, most importantly, the defendant, my client, said that his wife, the codefendant, had absolutely nothing to do with anything, not the fraud and not the arson. Well, even she admitted, not only to the FBI, but at trial, her defense was that her confession to the FBI when she accepted responsibility for the fraud, although not the arson, was true. So the confession itself was demonstrably false and that we argued at trial that the jury should then infer that the rest of the confession is false, too. And the jury was, in fact, convinced beyond a reasonable doubt and acquitted him on that because the confession was the only evidence that he was involved in the arson at all. So he lied to the FBI? He did. And admitted that he lied to the FBI? That's correct. However, the district court didn't make that finding. The district court found the opposite. The district court, in a statement of reasons, repeatedly said that the confession to the FBI, notwithstanding what I've just told the court, was truthful, presumably in all parts. And in everything, that was the only thing that he was ever truthful about. I thought the district court said he either lied to the FBI or he lied when he claimed that his confession was false, but one of those was a lie. Which is it? That is something that the district court says hypothetically, but at Excerpts of Record 49, the district court says, quote, one of the few truthful things Mr. Gonzalez has ever done was to confess to that crime. And then later, at Excerpts of Record 57, again, says that he confesses to the FBI, this is a quote, the only truthful thing he's done. Counsel, I'm puzzled. You started off your argument by stating that there was no basis for the district court concluding your client was a liar. And yet now, you're coming back to the point, at least that I see in the record, which is that the district court said either your client lied when he spoke to the FBI and confessed, or he's lying about having lied when he did his confession. It's one or the other, right? He's a liar. He did lie to the FBI. That's correct. Why didn't the district court then have a basis for concluding that he was a liar? Could have, but did not. Could have, but did not in terms of the statement to the FBI. No, I'm talking about what the district court found. The district court may not have said, per se, he's a liar, but he concluded he couldn't be truthful in both ways. One way or another, he was a liar. And he concluded that he was basically gaming the system. Isn't that a fair statement? That is exactly what the district court said. I don't think it's a fair statement, but that is what the district court said. But even if Your Honor is correct that reference to truthfulness is not referring to the ex parte statements, I still win, because under Rule 32, I still had to have notice, and if there's a vacant record, then the government has not proved harmlessness. Well, if we're talking structural problems, I might be inclined to agree with you, but if harmless error applies here and the district court had another basis for determining your client was a liar, what difference does it make if there was a Rule 32 violation in this case? It makes a big difference, because we can't say that the district court didn't rely on that statement. I think Your Honor's come up with an alternative. What burden is it? It's the government's burden to prove that the error was not harmless, and they have not done so. Your Honor can speculate and say, well, it could have been this other issue of truthfulness despite the finding to the contrary, but that doesn't amount to proof by preponderance of the evidence that the error was harmless, and it's the government's burden on that. The next issue I wanted to address is the constitutional issue. This Court has repeatedly held that if the facts of the case give rise to an inference that the defendant was punished more severely for asserting the right to trial, then the sentence must be vacated. Just an inference is sufficient unless the inference is rebutted by an unequivocal statement to the contrary by the district court. This is true even if this Court finds on appeal that the district court acted in good faith and did not actually punish the defendant for standing trial. An inference is sufficient, and the reason is because it creates a chilling effect that violates the defendant's right to trial. Here, in the statement of reasons, there is at a minimum an inference that Mr. Gonzales was punished for asserting his right to trial. This other theme then asserts itself when the district court says, and I quote, that Mr. Gonzales puts on a defense at trial rather than standing by his word to the FBI, which is in this disputed confession, and pleading guilty, and that was one of the reasons why he gave the very much above guideline sentence. Later on says, and if the district court indicated a number of other reasons, though, why he did what he did, is that sufficient, or can you hook on to one statement that the court made and attribute everything to that? Not everything. I don't have to show everything. I just have to show that the district court relied, that it was relied on by the district court, even in part. If there's an inference that it's one of the factors, then that's sufficient. Obviously, in any sentencing that's lawful, a district court is going to rely upon many factors. So it can't be that it's my burden to show that it was the only factor. It's your client's burden, not yours. Well, I... Correct? I'm not sure what Your Honor means. Well, you keep using the word I and me and mine. And we. It's your client. And I represent my client here, so I'm taking on the burden of his defense. I understand that. Okay. I think I understand Your Honor's meaning. And I'm sorry if I was being imprecise. Oh, that's fine. No, it's not going to be the only factor. But if it's any of the factors, if it's anything that raises an inference, even if this court is sure that that's not what the district court was intending to do, that's sufficient. Counsel, if you're correct on that, no one would ever be sentenced. Because every district court judge is a human being and says things from which you can imply something. Doesn't the standard higher than that? Don't you have to show more than an inference? You have to show that the district court made a clear statement that is an error of law? On the contrary. This court said in Medina Cervantes and in Stockwell as well as in Carter and the other circuits as well. For example, the Second Circuit in Hutchings has said an inference is sufficient, and unless it's the opposite, there has to be an unequivocal statement to the contrary. And there is not that here. And so the government's response is, well, there's no right to lie. And what the district court was saying didn't really mean put on the defense meant right to lie. But this case is not about lying. My client didn't testify. You can't punish a defendant for an attorney's presentation of a defense at trial. Your Honor referred to an insincere defense, but you can't give my client a higher sentence because of that. That's the Reyes case from this court. What I did on behalf of my client was put the government to its proofs, and the jury unanimously found their proof on the most important count unconvincing. And, again, this is not surprising because the confession itself was demonstrably false. I see you're done. I see I'm running low on time, Your Honor. I'll reserve the rest of my time. Okay, very good. We'll hear from you in a minute. We'll now hear from Ms. Voits. Is that the way you say it? Yes, Your Honor. May it please the Court. My name is Ann Voits, and I represent the government in this case. The district court at resentencing in this case imposed a sentence based on what both sides agree was a procedurally correct guidelines calculation. And when it did so, it imposed the sentence it did based on the 3553A factors. We submit that the record in this case supports that conclusion. And if I might address the first point that defense counsel raised with respect to the Rule 32 issue. You know what? The record in this case screams out to me that the district judge perhaps understandably thought this defendant was gaining a system by first saying we're going to have a joint defense and then saying I will testify this way and then I will testify that way. And maybe he got irritated at this defendant, and perhaps understandably so. Can you argue me out of that impression?  I think something that the Court relied on was what it considered the defendant's longstanding history of disrespect for the law. With respect to whether he based it on the contents of this single ex parte conference, I would submit that the record does not support that. First, if you look at the part of that conference, although the defense counsel did say she was not going to call defendant, and although she said that she'd heard shifting stories from defense counsel, when the Court expressly pushed her on whether she thought the defendant would lie, she said no, that she thought that he was willing to testify and that she thought he would be truthful. What harm would have come to the government by disclosing that conference? Your Honor. At this individual sentencing? I'm not aware of at what point, because this was ex parte, the government wasn't party to it.  Was the government aware that it had occurred? The government knew that there had been an ex parte conference, and they knew that the gist of it was that defense counsel had, as she said, an ex parte conference. She said it was her decision. She said the defendant was willing to testify, and she said that she believed that he was able to testify credibly. It was just that she didn't think that he would testify truthfully. So the government knew there was an ex parte conference and knew that the reason there was an ex parte conference was the attorney was explaining why Mr. Gonzales wouldn't take the step, wouldn't not be called as a witness. Correct? They knew that there was an about her decision. And the government knew this prior to sentencing? Yes. But the government did nothing to urge the Court to reveal the contents of that ex parte conference, at which the judge was told in specific detail why Mrs. Gonzales's attorney considered the defendant to be untruthful. First of all, my ---- Have I missed anything? With all due respect, I believe you have. Please tell me. First, the defense counsel did not say that she thought the defendant would lie. In fact, she specifically said that she believed he would testify truthfully, but that he would not be a credible witness. And there's a distinction between the two. She did not go into specifics, because she said that much of it was protected by a witness. There's a distinction between telling a judge I'm not going to call this man because he would not be a credible witness and saying I'm not going to call this man because I think he's a liar? Yes, Your Honor. I think what she was trying to say ---- Explain to me what the difference between those two is. Certainly, Your Honor. I believe what she was trying to say is that she believed that he would testify truthfully, but that he could be attacked based on the content of his statement, and that the impeachment could go to whether they would in fact believe that he was being truthful or not. In other words, she was saying that he would take the stand and he would be confronted with the statement to the FBI, and he would be asked whether his testimony at trial or the statement is the truth. Is that fair analysis? I think it's difficult to say because she did not go into specifics. She consistently declined to during that case. You've tried cases, haven't you? I have, Your Honor. But, again, because you did not go to ---- And you've made the decision not to call a witness because of a prior inconsistent statement? Yes, Your Honor. But if I might, Smith, all of the facts on which they were relied, as the Court subsequently said, in fact, at a conference that occurred a few days after this ex parte conference at which defense counsel was present, when the government raised the issue of defendant not testifying and argued that this had been some sort of fraud on the Court, the Court specifically said that there was no evidence that defendant had gone back on his promise to testify. That appears in the record at ER 552. I think that also suggests that in this case the Court was not relying on this sentencing. In fact, all of the facts on which it relied were evident to all the parties, as the Court said, from essentially the moment that the defendant's arguments at his own trial became clear. And the point that the Court was relying on was not, in fact, the distinction between whether the defendant told one story at his trial and would have been available to tell a different story or was not available to testify at his co-defendant's trial, but the difference between what he had said to the FBI and then what he said at trial. And that was what, in fact, the Court said. What he would say at trial. What he would have said at trial, yes. Because he didn't testify in his own defense at his trial, at his separate trial. True. He did not. I'd like you to comment on how we're supposed to handle the seriousness of this Rule 32 issue. The district judge, who had previously been reversed by the Ninth Circuit and knew there would be a new appeal, went through at great length, from my perspective, talking about the defendant's history and, from his perspective, a history of lying and gaming the system. If defense counsel is correct that there was, in fact, a Rule 32 violation, but if the district court was also correct, independent of what may have happened with the defendant's wife and her counsel, and he concluded that this man was a liar and he was gaming the system, do we uphold this sentence based upon the latter, notwithstanding the former, because it's harmless error? What do we do with it? Yes, Your Honor. We would submit that this is susceptible to harmless error and that the record amply supported the Court's concerns about the defendant's credibility and his veracity. That defense counsel takes the position, and I don't argue with it, that it is the government's burden to show that it's harmless error. What do you show to the court indicating that this is harmless error? You concede there was a Rule 32 violation? No, we do not. You do not. Okay. And so I think part of what the defendant is doing is trying to turn the question of whether there was a Rule 32 error into a question of whether it was harmless or not. Let's assume, arguendo, that there was. What points do you make to show that it was harmless? How does the government bear its burden here? I think the fact that the Court never mentioned ultimately the decision to call or not to call defendant at Ms. Pais's trial. The fact that what he did focus on was the distinction, the difference between the defendant's confession to the FBI and then the defense proffered at trial. The fact that he focused on defendant's criminal history, which from the period of about 2006, 2002 to 2006. So that's where you and the defense counsel depart, I gather. He says that there's an innuendo from the context that he had that in mind, and you say it's because he didn't refer to the fact that the wife was not called. Which is it? I believe if you look at this Court's cases, what it supports is the idea that for there to be a Rule 32 error, you have to have two things. First, facts that were not disclosed. And second, reliance on them. The sentence has to be based on it. And we would submit that in the absence of any evidence, that the Court based its determination on this single ex parte conference as opposed to the facts that everyone was aware of. So from the government's perspective, innuendo just doesn't cut it. No, it does not. And that is the government's attempt to meet its burden, right? To show that it was harmless error. Yes. If I might also address the question of whether a defendant was punished for asserting his right to trial. Again, if the Court looks at what the district court said at sentencing, what the district court said at sentencing was that the problem here was that both stories couldn't be true. It had to be one story or the other. When did the government learn of the content of the ex parte conference? I apologize, Your Honor, I'm not sure at what point. Well, was it before the second sentencing? Again, I apologize, I'm not aware. I can check with trial counsel and submit a letter to this Court clarifying that point. It's not indicated in the record. It is outside of the record. Yeah. I think we would like to know that. Okay. My colleague, the Honorable Presiding Judge is nodding his head. Absolutely. Okay. I'll make a note of that. With respect to the question of whether a defendant was being punished for asserting his right to trial, if you look at the cases on which defendant relies, those were very, very different cases. They were not cases where there was simply an inference. But there were cases where, for example, the district court imposed a fine to force defendant to pay the costs of his trial, where there were explicit comments saying that defendant should have pled guilty. That is very different from here, where what the court was concerned with was the defendant's inability to stick to a single story, the fact that he, as the court viewed it, had gamed the system not just in the context of this single proceeding but in the context of violating his post-conviction release terms within a very short period of time. His criminal history, which had averaged over the four-year period prior to this offense, at least one conviction a year, with the convictions growing increasingly serious. And so the court, we would submit, had a sufficient basis for the sentence that it imposed. Yeah. If the court has any further questions? I don't believe we do. Thank you very much. Mr. Blank. I have many claims of error, just a little bit at a time, so I'll try to focus on just a couple of things. On the Rule 32 issue, there's absolutely no case in which this Court or any other has said that a Rule 32 violation requires the defendant to prove reliance. That's just wrong. That's a free-floating due process claim or prosecutorial misconduct, but not Rule 32. And there are numerous other procedural and substantively unreasonable issues that I have raised, but I want to focus now on reassignment. It's not a request I make lightly, but I think it is warranted in this case under the factors set forth by this Court in Working and in McCallion. Those three factors are whether the district court would have substantial difficulty in putting out of its mind its previously expressed views or findings, second, to preserve the appearance of justice, and third, whether the waste and duplication would be out of proportion to any gain. And the McCallion case says either one of the first two factors is sufficient and those are the two most important. I think in this case the district court did the best it could. I think Your Honor is right that he was irritated, and maybe understandably and maybe not. But there were repeated references to the first sentencing, kept on saying I was right the first time, that's what I said last time. It's already made clear the first time, that's what I said the last time. I think it's abundantly clear that the district court was very much focused on the first sentencing. As for the appearance, there are two factors that weigh in favor of reassignment under that issue as well. The first is that the district court in this case imposed a substantial upward variance to arrive at the exact same sentence again, even though the guideline range this time was much lower. In this case, in this Court in Working, and again in Paul, and Judge Smith, Your Honor, in my case, that was one of the factors that the courts considered in whether to reassign. Also, the failure itself to disclose relevant factual information, that was recognized by McCallion as a basis to reassign. And that was the same thing, exposure text part to communication. There will be some amount of duplication, but there won't be waste. There were two full pre-sentence reports in this case. Any of our very able district court judges, I think, could handle it. The government incorrectly says as a matter of law that I have to prove bad faith in order for this Court to reassign. That's just not correct. Every case, Working, McCallion, the cases cited by the government, Rhodes, and Jacobs all expressly say we don't doubt the district court did what it thought was right. That's Working. And McCallion notes that the judge exercised patience and thoughtfulness. No one, none of these cases say there has to be bad faith. So I think it's appropriate. I guess what I struggle with, Judge Alsop is obviously, you know, he's a former William O. Douglas clerk. He's not exactly a right-wing reactionary that you would be concerned about. Very distinguished former partner in a major firm in this city. He's handled all kinds of trials. He's a very, very smart, diligent judge. I understand your client's perspective. But where's the outrageous conduct basically here? I mean, I'm familiar with assigning cases to other judges. We have a colleague in the Los Angeles area who occasionally has this happen, where he repeatedly flouts what we say. Where do you see that in this case? Is there any flouting by Judge Alsop of the previous remand? I think one can make that argument, but I'm not. I think Judge Alsop did the best that he could do. But doesn't that answer the question? It does not. It does not. None of the three factors, particularly neither of the first two most important factors, says outrageous conduct. It says even in appearance, preserve the appearance of justice, and whether the district court would have substantial difficulty in putting out of his mind the previously expressed views. This is no impugning of a district court judge. We have this for a reason. And it happens sometimes. A case gets under a particular judge's skin. We're all human. And it is appropriate in this case. I respectfully submit. Thank you very much. Thank you very much, both counsel, for their arguments. The case of United States v. Gonzalez, particularly 10-10310, is submitted.
judges: Duffy, Hawkins, Smith